5-18-0367 Robertson v. Symphony Post Acute Care Network et al. Gentlemen, if you're ready. Good morning, and may it please the court, counsel. My name is Joseph Donato. I represent the defendants' appellants in this matter, and we're here today on the defendants' appeal as a matter of right under Illinois Supreme Court Rule 307A1, and specifically we are appealing the circuit court's denial of defendant's motion to stay proceedings. As we set forth in our briefs, we submit that the circuit court erred in two similar but independently dispositive respects. First, we submit that the trial court erred in allowing plaintiff's claims under the Illinois Biometric Information Privacy Act to proceed in the face of binding appellate authority from the second district, that's the Rosenbach case, which holds that a plaintiff lacks a private right of action under that statute if she alleges only a technical violation of what I'll be referring to as BIPOC, the Biometric Information Privacy Act. And that's exactly what plaintiff has done here. And the second respect that we take issue with is that the trial court erred in summarily denying our motion to stay proceedings in light of the Illinois Supreme Court's recent grant or petition for leave to appeal in the Rosenbach case. I'll address each principle argument in turn. With respect to our first argument, I would submit that the following points are undisputed. Rosenbach, as things stand today, is the only Illinois court of review to interpret what it means to be a person aggrieved under BIPOC. Has the PLA been granted in that? Yes, it has. It was granted after our motion to dismiss was denied by the circuit court. And that's still pending? It is still pending. My understanding is that they're somewhere in the course of the briefing in that case. It's important that Rosenbach is the only court of review to interpret what it means to be a person aggrieved under BIPOC because the plaintiff here, in order to proceed with her complaint, which alleges only claims under BIPOC, she has to demonstrate that she's a person aggrieved. If she cannot demonstrate that, then she has a prior right of action under the statute. Therefore, since Rosenbach holds that a plaintiff who alleges merely a technical harm does not have a prior right of action, Ms. Roberson's claims cannot proceed, and thus the circuit court was wrong in denying our motion to stay proceedings. It's also undisputed, I would submit, that that holding, the Rosenbach holding, applies to the circuit court here. Yes, it was a decision rendered by the Second District, but in the absence of any contrary appellate authority or authority from the Supreme Court, obviously, that decision is binding on the trial court. As we cited in our briefs, it is the absolute duty of the circuit court to follow binding appellate precedent. The natural consequence of that rule, which we've set forth in our briefs, is that the circuit court lacks the authority to disregard binding appellate precedent. It may disagree with it, but there are certain things that it can do if it does disagree with the binding appellate authority. It could note its reasons in the record and allow some sort of, certify questions for appeal. It may have other options as well. What it cannot do, it cannot simply ignore that authority, and we submit that that's what has happened here. The next thing that I would submit that is undisputed is that when a circuit court exceeds its authority, such as we say here, then this order is void. And the consequence of the circuit court entering a void order is I would submit that this court has a duty to vacate that order. And we've also submitted authority to that, to reflect that principle. So the real question is whether Rosenbach applies to the plaintiff's complaint here. And if you juxtapose how the Second District described the allegations that were before it, they're identical to the allegations that are at issue here. Specifically, I can refer to Paragraph 8 of Rosenbach's opinion, where it's described in the allegations that the complainant follows. The plaintiff lives in New York City, and where Alexander, Alexander is the plaintiff's son, was informed in writing of the specific purpose and length of term for which Alexander's thumbprint would be collected, stored, and used, and that neither she nor Alexander signed any written release regarding the thumbprint. The plaintiff alleged she did not consent in writing to the collection, storage, use, sale, lease, dissemination, disclosure, redisclosure, trade of, or for six flats otherwise proper from Alexander's thumbprint or associated biometric identifiers. Those allegations are functionally identical to the allegations that you find in the plaintiff's complaint. I can direct the court to Paragraph 33, where the plaintiff alleges as follows, that the defendants in our case are violating BIFA, allegedly, in collecting and storing biometric information of persons employed at locations that utilize biometric scanners, finger, slash, fingerprint readers. As they are not first informing employees in writing that their biometric information is or will be collected or stored, they are not first informing employees in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and or used, nor are they first securing written releases from each respective employee. We've obviously taken the position that there's no material difference between the allegations that are at issue in Rosenbach and the allegations that are at issue here, but I'll just point out one very notable aspect of the proceedings below. We put to Mr. Oberson, we said, hey, look, there's this case that we believe is binding on this court. It holds that if you allege in the Second District's parliament, it's merely a technical violation of the statute, so a violation of the statute without some sort of actual harm, that you do not have a private right of action under BIFA. In that opinion is Biden. In her opposition to our motion to dismiss, they didn't address the case. At the hearing, on our motion to dismiss, she didn't address the case or explain in any event how it's distinguishable. And then again, when we filed our motion to stay proceedings, likewise, first of all, she didn't respond in writing to that motion, and the court denied the motion to stay proceedings summarily. And again, there is no effort to distinguish. Is there an explanation by the trial court? No. So what happened at the motion to dismiss proceedings, which obviously we did have an arraignment based on Rosenbach. At the time, the Supreme Court had not granted a petition for leave to appeal. We said that we felt that Rosenbach was controlling. There was over-argument on the motion. And as I remember, if I recall correctly, the trial court took the motions under advisement, advised the parties that it was going to read our cases. We adjourned the hearing. The motions were entered and continued. But that same morning, the trial court denied our motion to dismiss without explanation. So then what we did, once the Supreme Court granted its petition for leave to appeal in the Rosenbach case, we said, hey, the Supreme Court is going to make rulings that are going to impact this case. And, oh, by the way, we don't really understand, frankly, why the court deemed to be Rosenbach inapplicable, given that there's no material difference between the allegations here and the allegations before the second district. And again, there's no explanation in the record from the Supreme Court judge as to why it deemed Rosenbach to be inapplicable. So it's a bit of a vacuum. It's a black hole. We don't really know what the court's reasoning is. There's no basis in the record to explain why the court deemed it to be inapplicable. Counsel, what about the opposing counsel's argument that this court doesn't have jurisdiction, I guess, since you didn't appeal the ruling on the motion to dismiss? Correct. They were not appealing the ruling on the motion to dismiss. It's clear, based on a couple of sources, that we would have – there's some question whether you have the court's jurisdiction to consider denials or grants of stand proceedings. We've cited a litany of cases that stand for that proposition, that a request for a stay is considered to be injunctive relief, such that it falls squarely under the jurisdictional granting rule 30781. So we are not asking the court to revisit the motion to dismiss. We're asking the court to stay proceedings. I would note, however, that so not only do you have jurisdiction to consider what our specific request is, but you also have jurisdiction to consider any sort of argument that would impact or that speaks to whether the trial court had the authority to do what it did. So that can take a lot of different forms. In this case, it was that the trial court disregarded binding of authority. But in other cases, it might be whether the trial court acted outside of the subject matter jurisdiction or didn't have personal jurisdiction over the defendant. So there are certain sort of logical precursors that the court can also look at. And that was a request that we specifically made to the circuit court. And even one of the cases that plaintiff cites in her brief states that proposition. It says it's the DuPont case where, I'm sorry, the EJD payroll case.  In this case, the appellate court in which it serves said that it did not have jurisdiction to review what was a motion to dismiss, an interlocutor appeal for a motion to dismiss. I believe that was the motion that was at issue. But specifically noted that if the appellant had specifically requested a stay of proceedings, that the result would have been different, that the court would have had jurisdiction. So we made a specific request for objective relief. And there's no question, not only decisions from this court, but from the Illinois Supreme Court, that hold that that's objective relief. And this court's view is partially secure. We also raised an independent argument with respect to the circuit court's error. As I mentioned before, the court summarily denied our motion to stay proceedings. There was no evidentiary hearing. There were no fact findings. There was no written response from the plaintiff. So the only facts on the record, to the extent they were considered facts at all, were the facts that we supplied. And that was the fact, judicially noticeable fact, undisputable fact, that the Illinois Supreme Court's granted petition for relief to appeal the Rosenbach case, that Rosenbach's holding is what it is, and that Rosenbach's holding should apply to the plaintiff's complaint here because the complaint is indistinguishable from what the Second District had before it in Rosenbach. So based on that showing, we asked the circuit court to stay proceedings, and it summarily denied our motion. And the reason why I emphasize that it was summarily denied, this is not a situation where the court made factual findings or weighed evidence or had an evidentiary hearing or it considered on the record whether certain factors counseled in favor or against a request for a stay. And in those situations, it's true, I think, what the plaintiff suggests in her response brief, that the standard of review for this court might be an abuse of discretion if the court were to have undertaken any of those steps. But that's not what happened here. The little facts are the facts we presented. They're judicially noticeable facts. There's no dispute that the Supreme Court has a case that's potentially dispositive before it. And we submit that this court can evaluate whether a stay is appropriate. Aside from whether the trial court acted outside of its authority, it can independently evaluate whether a stay is appropriate given those circumstances because, as we said in our brief, there's appellate authority to the effect that if there are factual findings, if there's just an oral argument on a motion, then this court can look at the trial court's ruling de novo. The circuit court's not in an appreciably better position to evaluate whether a stay is appropriate because it didn't make any fact findings. It didn't weigh any factors, or at least there's no indication to the record that it did. So we submit that taking a look at de novo, there's no question that a stay should be entered here. If the Illinois Supreme Court affirms, this case should be over. If it reverses but it defines the statute in some way, it's still going to impact the litigation. So even if we're wrong, this Illinois Supreme Court could, I'm not going to speak for the court obviously, but it could make a determination that impacts the proofs that the parties would have to operate under going forward, such that if the litigation were to proceed and we go through additional classification-related discovery, go through classification hearing, proceed to the merits of the class and all the things that attend that, including the massive expense and burden of that litigation, that could still be swept away. I mean, if the Illinois Supreme Court reverses Rosenbach, if it speaks to any sort of statutory language that's going to impact, it could impact the case. And if you look at the relative balance of impact that a stay would have here, we would submit that, again, under de novo standard or even under abuse of discretion standard, that a stay would be appropriate. Ms. Roberson is a former employee. There's no dispute about that in the record. And her claims are de minimis. She worked for one of the defendants for, I believe, a period of eight or so weeks. So there's no prejudice. There's no ongoing harm to her. There's no increasing harm to her if the case were to be stayed. But in contrast, we're faced with massive statewide class action litigation, perhaps about the company litigation if the case were not to be stayed. And for those reasons, we submit as a second independent basis that the trial court committed an error. And with that, I'll conclude my argument unless the Court has any questions. Are there any other questions or do I have time for a rebuttal? You have time for a rebuttal. Thank you. Thank you. Thank you. May it please the Court, my name is Gregory Powles. I'm here on behalf of plaintiffs and putative class. Co-counsel in the case is John Driscoll, John Barsevic, and C.J. Barsevic. This is really a very simple appeal. That should be very simple for the Court to dispose of. We are here on an interlocutory appeal under the nominal notion that the judge's refusal to agree to stay in the court below constitutes a denial of injunctive relief. And that is the law. But I would ask the Court to consider that while that is the law, this is not your typical form of injunction. Why do we have injunctions? Typically, it's to prevent irreparable harm that may occur without prompt action, decisive action by this Court. A building is going to get torn down. A child is going to be removed from the state. Someone's life support is going to be unplugged. This is not that case. It is true, the procedural vehicle they've chosen, this Court does get to review whether the Court actually abused its discretion. They're refusing to grant a stay. But I would respectfully submit that these kinds of cases, these classes of appeals, refusing to grant a stay, are on the margins. On the margins, not your typical raise in debt for this type of appeal to exist. The standard of review as discussed is an abuse of discretion. And as you are undoubtedly well aware, that is the highest, virtually the highest, burden for defendants to bear in taking this appeal. This Court must find that no reasonable person could have adopted the view adopted by the trial court or ruled as the trial court did. That's what the case law says. It's an uncomfortable double negative. I would rephrase it slightly that if any reasonable person could have ruled as the trial court did, then the court did not abuse its discretion. And it is clear that many, many reasonable people could have ruled as the trial court did in this case. The argument proffered by defendants at best is that some future Supreme Court decision could possibly have an impact on this case. Those are not my words. Those are defendants' words in their brief. Could possibly have an effect. There is no way that could possibly meets a clear and convincing standard, which is what defendants were required to show in the court below. Could possibly is, I respectfully submit, almost never clear and convincing. It is certainly not clear and convincing in this case. Therefore, the trial court was well within its bounds to, well within its discretion, to deny the motion to stay. To the extent you've heard arguments that the standard of review or that the trial court's power was any defense standard, as I pointed out in my brief, defendants themselves assured the trial court in open court that the decision was well within its discretion. So they cannot change the standard now on appeal. That is axiomatic. You've heard perhaps the balance of the argument that despite the denials that we're not here to relitigate the motion to dismiss, the balance of the defendant's argument was indeed geared towards the motion to dismiss. So in my view at least, what's going on here is an attempt to establish what could be potentially dangerous or at least burdensome prejudice that motions to stay are used as a vehicle to revisit decisions of the trial court over which this court would not ordinarily have jurisdiction. There's nothing special about this case. You could easily see litigants in the future cobbling together arguments. Well, I didn't like the ruling on the motion to dismiss. I didn't like the ruling on the motion for summary judgment. And hey, maybe there's an effect by some Supreme Court decision out there. Well, we'll bring a stay. It gets denied. We'll appeal it. That would be a terribly poor practice to take root in our courts. I respectfully submit. There is a... Let me stop you for a second. Certainly. Is Rosenbach the only controlling case that you found in Illinois on this type of an action? I would not say that. I'm glad you asked that question, Judge. Rosenbach is not controlling, okay? We made that point, at least in our view. We made that point clear in our briefs at length. And if you want to look in the record, I would say begin at Appendix A47, where we start to lay that out. The answer is no. And it's a multifaceted approach, multi-tiered approach. But two things I would point out at least to begin with. First, it's not controlling because Rosenbach itself, by its own terms, was a limited decision. Rosenbach, again, was an interlocutory appeal by the Court of Appeals, and by its own terms admitted that it did not have jurisdiction to consider the entire scope of the case. Citing Rosenbach, Paragraph 27, defendants make an argument regarding substantial compliance with the Act. Plaintiff raises one that she did suffer an actual injury, as we did here. The Court goes on to say it is limited in its review on appeal, and those issues are not even before the Court. Quoting Hudkins v. Egan, scope of review is ordinarily limited to the question certified. Generally, our jurisdiction is limited to considering the question certified. We cannot address issues outside of that area. So Rosenbach, by its own terms, did not discuss the notion of actual harm. So that would be my first response. The full response, though, is that we did find contrary authority from the Illinois Supreme Court on down, contrary to what Rosenbach would hold and contrary to defendants' argument here. That included prior, several prior, I believe several prior interpretations of the work agreed by the Illinois Supreme Court, and interestingly, a ruling by this Court itself. Before I go there, I want to, I would like to reemphasize that this isn't, what we're talking about now is merits. We're not talking about the merits of this appeal. We're talking about the merits of the underlying case below, but I'm happy to do that. I just wanted to make that clear that I'm not buying into their argument silently in that regard. This bill was passed, more or less, as a package of privacy-related protections for individuals, our citizens, in this state. The Biometric Information Privacy Act was just one. There was the AIDS Confidentiality Act and the, if I'm quoting it correctly, or naming it correctly, the Genetic Information Privacy Act. Fifteen or so years ago, and let me back up, those two statutes, at the very least, are, and this has been undisputed, were in parameteria. That is, they were the same subject matter, and it is, again, axiomatic in the law that statutes that are passed with similar subject matter, the same families, are to be interpreted similarly. As we pointed out in our brief and the briefs below, if you look at, predominantly, the briefs below, because this, again, goes to the merits and was addressed in the motion to dismiss, if you look at those statutes, they are identical. BIPA, Genetic Information Privacy Act, AIDS Confidentiality Act, identical language. I mean, there may be a word or two astray, but it is totally superficial. That was completely undisputed before the trial court in this case and in other cases. Identical language. This court said 15 years ago that actual harm, actual injury was not required under identical statutory language. So that, too, would be an answer to your question, Judge. I would consider contrary authority, contrary precedent. Finally. Didn't Rosenbach hold that if there's not an aggrieved party, it's someone who's suffered some sort of a damage? And, I mean, have you alleged that your client has suffered any kind of damage from this? Two things. Yes, we did. As pointed out to the court below. Two, there's case law indicating that from this district that it is not necessary under the statutory language at issue here to allege actual injury or actual harm. But we have. But, again, Rosenbach, as a case of limited jurisdiction, didn't even broach that question by its own terms, or at least plaintiff's argument. Furthermore, if the case had proceeded differently below, we would have had the opportunity to amend, perhaps, the complaint or flesh out those allegations. That is another reason why, at least in my opinion, the standard of review is what it is, a very high standard of abuse of discretion, and as it should be. And also why the Winslow and Motius disputes are not appealable. Because, you know, we perhaps could have pleaded differently, but it wasn't necessary. Because we did plead properly under the law all the injury or harm that is necessary in order for plaintiffs to recover in this case. Were there other questions? I'd love to field other questions. No? Okay. Again, I respectfully submit this is and should be a very easy case for the court to decide. The trial judge's decision not to grant a stay in this case should be honored. The defense failed to bear the burden of clear and convincing evidence below. They have not showed irreparable harm. New litigation costs are not, by any stretch of the imagination, irreparable harm. If they were, every single case in the state would be subject to motions to stay and appeals on motions to stay. Furthermore, on the broader picture, if your honors are interested, the Supreme Court takes cases all the time. If every court that, quote, unquote, could possibly, close quote, be impacted by a pending Supreme Court decision was subject to a stay, nothing would ever move forward. So, again, I think that dovetails nicely with the concept that the standard of review is a very, very narrow one, and that this court traditionally has honored requests to stay or reversed decisions not to stay only in very limited circumstances, none of which are in any way present in this case. Thank you. Thank you. Just a few points I'd like to address. To more pointedly answer the court's question, Rosebach is, in fact, the only appellate authority to interpret what it means to be a person aggrieved under the Biometric Information Privacy Act, which is the only claim that plaintiff asserts in her complaint. There is no other decision authority to that effect. Two is that... In the cases that he refers to, the... Different statutes. The reasons that we went into honor motions of dismissal, they are distinguishable. Going from memory, I believe that there was actual injury alleged in those cases which rendered them distinguishable, but for this particular statute, this particular language, only one Illinois court has interpreted the primary factual provision. Just... There was reference made to the merits of the case. We're not arguing that Rosenbach was rightly or wrongly decided. What we're arguing is that Rosenbach was, in fact, decided, and that the Second District's holding on Rosenbach binds the circuit courts such that it does not have authority to allow a case to proceed in the face of that binding authority. There's a lot of time spent in my opposing counsel's oral argument about what the standard should be. Regardless of what the standard is, the... That's a legal issue. The legal issue... It's a legal issue as to whether the circuit court was bound by the Rosenbach holding. That's not a factual issue. So even under an abuse of discretion standard, a court does not have discretion to ignore binding appellate authority. It does not have discretion to make legal errors. We've cited cases to that effect in our standard of abuse section in our opening brief. So, like I said before, what an abuse of discretion standard gives discretion to the trial court to do is to weigh factors, weigh evidence, make credibility determinations, and so forth. But for issues of law, and I believe it's the Henry Lawrence case that we highlighted in our reply brief. It's one of many examples. Even on interlocutory review where generally backed up is an abuse of discretion standard, that's not the case for pure questions of law. And it is a pure question of law as to whether the Rosenbach holding is binding on the circuit court and that it applies to plaintiff's complaint here. And I just want to highlight what the holding of Rosenbach is. You can find it in paragraph 28 of the opinion. It says, in order for any of the remedies to come into play under the statute under which Ms. Roberson is seeking relief, a plaintiff must be any person aggrieved by violation of this act. If a person alleges only a technical violation of the act without alleging an injury or adverse effect, then he or she is not aggrieved and may not recover under any of the provisions in section 20. Section 20 is the primary faction section here under FIFRA. There is, offhand, a reference to an injury that they've supposedly alleged. It's not in the complaint. It is exactly what I relayed to the court in my opening remarks. She has alleged only a technical violation. It is exactly the same as what was at issue in Rosenbach. There is no actual injury. We put it to the motion to dismiss. We put it to the motion to stay. We've been passing records to it before, but they've never actually identified it because it's not there. There's no question that stays are appealable. And I would just say that this is not unusual to request a stay when there's a potentially dispositive issue before the Supreme Court. Not only is it not unusual, we've cited cases that suggest that courts should grant stays where an issue is going to potentially dispose of the case before it. Obviously, it's going to be a matter of judicial economy. It could avoid a waste of resources and so forth. And with that, I will conclude unless there are any further questions for the court. Thank you. Thank you. Before we take the matter into consideration and issue a ruling in due course.